**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TYRIK VERNON,** | : | **Civil No. 1:13-CV-1497** |
| | : | |
| **Plaintiff** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **v.** | : | |
| | : | |
| **CHARLES CUSTER, et al.,** | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM**

## I.   Introduction

Tyrik Vernon is an inmate in the custody of the Pennsylvania Department of Corrections, currently incarcerated at the State Correctional Institution at Greene, in Western Pennsylvania. In this action, Vernon has endeavored to bring claims against a number of supervisory officials within the Department of Corrections, as well as a number of employees at SCI-Coal Township, where Vernon was housed before his transfer to SCI-Greene in the spring of 2013.

Vernon has filed three separate amended complaints which attempted to bring claims against the defendants at SCI Coal Township for alleged violations of his right to procedural due process in connection with certain disciplinary proceedings that were brought against him in 2012. In addition, Vernon has claimed that the

defendants retaliated against him for engaging in activities protected by the First Amendment.   Finally, Vernon has alleged that some of the defendants at Coal Township committed intentional torts against him in violation of federal law, in connection with his disciplinary proceedings.

To date, Vernon's efforts to articulate claims upon which relief may be granted against the SCI Coal Township defendants have been consistently unavailing.   Thus, we have dismissed Vernon's prior complaints against these defendants, but have permitted Vernon one final opportunity to state a claim against these defendants. Undeterred by his failure to state a claim in this case against any of the defendants are alleged to have taken actions against Vernon while at SCI Coal Township, Vernon has now moved to supplement his complaint to add allegations against defendants at SCI Greene, a correctional facility located in the jurisdiction of the United States District Court for the Western District of Pennsylvania.  (Doc. 37.)  The defendants have opposed this motion arguing that this Court should not allow Vernon to add claims against state officials in Western Pennsylvania which could not otherwise be properly brought in this Court to his complaint.  (Doc. 41.)  This motion is fully briefed by the parties, (Docs. 41 and 45.), and is ripe for resolution.

For the reasons set forth below, the motion will be denied.

## II.   Discussion

Rule 15 of the Federal Rules of Civil Procedure governs amendments and supplementation of pleadings.  Fed. R. Civ. P. 15.  Rule 15(a) authorizes a party to amend his pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading, or 21 days after service of a dispositive motion under Rule 12, whichever is earlier.  Fed. R. Civ. P. 15(a)(1)(A) and (B).  "In all other cases, a party may amend its pleading only with the opposing party's written consent, or the court's leave," which courts are to freely give "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Consistent with this policy, leave to amend rests in the discretion of the court and may, which justice so requires, be denied if the court finds "undue delay, bad faith or dilatory motive on the part of the movant, failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc."  Foman v. Davis, 371 U.S. 178, 182 (1962); see also Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000).

Rule 15(d), in turn, governs the submission of supplemental pleadings.  That rule provides that upon the motion of a party, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or

event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  A supplemental complaint thus "refers to events that occurred after the original pleading was filed" whereas an amendment to a complaint "covers matters that occurred before the filing of the original pleading but were overlooked at the time." Owens-Illinois, Inc. v. Lake Shore Land Co., 610 F.2d 1185, 1188-89 (3d Cir. 1979); see also Moore's Federal Practice 3d § 15.30 ("Rule 15(d) applies only to events that have occurred since the date of the filing of the pleading.").  Thus, the purpose of the rule "is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." Carl Zeiss Meditec v. Xoft, Inc., C.A. No. 10-308-LPS/MPT, 2011 U.S. Dist. LEXIS 36785, * 4 (D. Del. April 5, 2011) (citation omitted).

"The standard under Rule 15(d) is 'essentially the same' as that under Rule 15(a), and leave to supplement should be granted unless it causes undue delay or undue prejudice." Micron Tech. v. Rambus, Inc., 409 F. Supp. 2d 552, 558 (D. Del. 2006) (citing Medeva Pharma Ltd. v. Am. Home Prods. Corp., 201 F.R.D. 103, 104 n.3 (D. Del. 2001)).  Application of Rule 15(d) in a given case is committed to the Court's broad discretion. Intel Corp. v. Amberwave Sys. Corp., 233 F.R.D. 416, 418 (D. Del. 2005).  "The decision of whether to permit a supplemental pleading is within this Court's discretion.  See Owens–Illinois, Inc. v. Lake Shore Land Co., 610 F.2d

1185, 1188–89 (3d Cir.1979); see also Burns v. Exxon Corp., 158 F.3d 336, 344 (5th Cir.1998) (holding that district court did not abuse its discretion in denying leave to file supplemental complaint.)"  Hassoun v. Cimmino 126 F.Supp.2d 353, 360 -361 (D.N.J.2000).   Therefore, decisions regarding motions to amend or supplement pleadings rest in the sound discretion of the district court and will not be disturbed absent a abuse of that discretion.  See e.g., Bjorgung v. Whitetail Resort, LP, 550 F.3d 263 (3d Cir. 2008); Cureton v. National Collegiate Athletic Ass'n., 252 F.3d 267 (3d Cir. 2001).

That discretion, however, is governed by certain basic principles, principles that are embodied in Rule 15 of the Federal Rules of Civil Procedure.  In this regard, while Rule 15 provides that leave to amend should be freely given when justice so requires, the district court still retains broad discretion to deny a motion to amend, Bjorgung v. Whitetail Resort, LP, 550 F.3d 263 (3d Cir. 2008); Cureton v. National Collegiate Athletic Ass'n., 252 F.3d 267 (3d Cir. 2001), and may deny a request:

> if the plaintiff's delay in seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing party.  Adams, 739 F.2d at 864. Delay becomes "undue," and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend.  Cureton, 252 F.3d at 273 (citing Adams, 739 F.2d at 868; Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir.1993)).  Thus, our review of the question of undue delay . . . will "focus on the movant's reasons for not amending sooner," Cureton, 252 F.3d at 273, and we will balance these reasons

5

against the burden of delay on the District Court. Coventry v. U.S. Steel
Corp., 856 F.2d 514, 520 (3d Cir.1988).

Bjorgung v. Whitetail Resort, LP, supra, 550 F.3d at 266.

Furthermore, "'[a]mong the grounds that could justify a denial of leave to
amend are undue delay, bad faith, dilatory motive, prejudice, and futility.' In re
Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997)
('Burlington'); Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir.1993). 'Futility'
means that the complaint, as amended, would fail to state a claim upon which relief
could be granted. Burlington, 114 F.3d at 1434." Shane v. Fauver, 213 F.3d 113,
115 (3d Cir. 2000). Moreover, a party seeking to supplement pleadings must act in
a diligent fashion. Thus, for example, "[a] District Court has discretion to deny a
plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies
in his complaint, but chose not to resolve them. Rolo v. City Investing Co.
Liquidating Trust, 155 F.3d 644, 654 (3d Cir.1998)." Krantz v. Prudential
Investments Fund Management LLC, 305 F.3d 140, 144 (3d Cir. 2002).

Finally, in every instance, the exercise of this discretion must be guided by the
animating principle behind Rule 15(d), which is "to make pleadings a means to
achieve an orderly and fair administration of justice." Griffin v. County School Bd.
of Prince Edward County, 377 U.S. 218, 227 (1964). Therefore, in considering a

motion to amend we must always "appl[y] Rule 15(d) in a manner aimed at securing the just, speedy and inexpensive determination of every action-'[t]he standard applicable to motions to amend under [Rule 15(d) ] is essentially the same standard that applies to [Rule 15(a) ].' " Masimo Corp. v. Philips Elec. N. Am. Corp., 2010 WL 1609899, at *1 (D.Del. Apr.20, 2010) (quoting Medeva Pharma Ltd. v. Am. Home Prods. Corp., 201 F.R.D. 103, 104 n. 3 (D.Del.2001))." CMR D.N. Corp. v. City Of Philadelphia, No. 07-1045, 2011 WL 857294, *4 (E.D.Pa. March 11,2011)(Stengel, J.).

In this case, it is submitted that the proper exercise of the court's discretion, Hassoun v. Cimmino, 126 F.Supp.2d 353, 360-61 (D.N.J.2000), calls for denial of this motion to file a supplemental complaint adding claims that arise in Western Pennsylvania, claims over which we have no jurisdiction or venue. Indeed, a dispassionate assessment of this motion reveals that it runs afoul of many of the factors which guide the exercise of judicial discretion in this field.

At the outset, it is plain that these proposed amendments would yield undue delay in the resolution of the merits of these claims. As we have noted, "Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court." Bjorgung v. Whitetail Resort, LP, supra, 550 F.3d at 266. Judged against this standard, Vernon's efforts to add new

and disparate claims to his lawsuit relating activities at other prisons in other districts simply does not satisfy the principle which animates Rule 15, which "is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." <u>Carl Zeiss Meditec v. Xoft, Inc.</u>, C.A. No. 10-308-LPS/MPT, 2011 U.S. Dist. LEXIS 36785, * 4 (D. Del. April 5, 2011) (citation omitted).  Instead, it would merely allow Vernon to layer new, speculative and unrelated claims against additional defendants onto this lawsuit, based solely upon Vernon's subjective sense that everything that happens to him must in some way be connected.  Thus, we find that Vernon's motion fails to satisfy even the liberal standards imposed by Rule 15(d).

Furthermore, Vernon's allegations of misconduct are all claimed to have occurred at SCI-Greene, a facility which is located in the Western District of Pennsylvania.  <u>See</u> 28 U.S.C. 118(c).  In civil right actions where alleged violations of the United States Constitution at SCI-Greene are alleged form the basis for the Court's jurisdiction, 28 U.S.C. § 1391(b) defines the proper venue as to these specific allegations, and provides that any action challenging alleged misconduct at SCI-Fayette should:

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In this case, with respect to the events described in Vernon's latest proposed supplemental complaint, it is apparent that more than "a substantial part of the events or omissions giving rise to the claim occurred" at SCI-Greene, in the Western District of Pennsylvania; rather, all of the alleged events are claimed to have occurred in that district. Moreover, with respect to these claims arising out of events at SCI-Greene it appears that each of the individuals named in the proposed supplemental complaint either reside in, or may be found in the venue of the United States District Court for the Western District of Pennsylvania. See 28 U.S.C. § 118(c). Indeed, plaintiff himself is located in the Western District of Pennsylvania as an inmate housed at SCI-Greene.

Therefore, it is evident from the face of plaintiff's proposed supplemental complaint that these matters at SCI-Greene should not properly be joined with the single remaining allegation in this action, based simply upon Vernon's subjective assertion that these acts are part of a seamless, global, yet wholly clandestine conspiracy. Since venue over these alleged matters lies in the United States District

Court for the Western District of Pennsylvania, to the extent the plaintiff believes he has a valid civil rights action against the new defendants he identifies in his proposed supplemental complaint, he should pursue relief through a complaint brought in the United States District Court for the Western District of Pennsylvania.

Finally, we note that granting leave to file supplemental pleadings on these facts would be antithetical to the guiding principle which animates and informs the exercise of our discretion, which is "to make pleadings a means to achieve an orderly and fair administration of justice." Griffin v. County School Bd. of Prince Edward County, 377 U.S. 218, 227 (1964). In fact, we find that granting this motion would be unfair to all parties. It would be unfair to the defendants who would now face new, belated, disparate, speculative, and in some instances futile claims, many of which fall outside the venue of this Court. These amendments would also needlessly compound costs and burdens of this particular litigation for all parties, since it would inappropriately broaden claims, weave together seemingly unrelated events, necessitate additional motions practice and litigation in pursuit of what appear to be either fruitless claims or allegations of conduct which fall outside the venue of this court, and connect this disparate allegations to events in this district solely on the basis of speculative claims of clandestine conspiracies. Since we must always "appl[y] Rule 15(d) in a manner aimed at securing the just, speedy and inexpensive

determination of every action," CMR D.N. Corp. v. City Of Philadelphia, No. 07-1045, 2011 WL 857294, *4 (E.D.Pa. March 11,2011)(Stengel, J.),our conclusion that granting this motion would be unjust, cause undue delay, and needlessly increase the costs of litigation, also calls call for the denial of this motion.

## III.   Conclusion

Accordingly, for the foregoing reasons,  the plaintiff's motion for leave to file a supplemental complaint adding new defendants and claims (Doc. 37.) will be DENIED.   The merits of the plaintiff's amended complaint with respect to the previously named defendants in this lawsuit will be separately addressed by the Court in its consideration of the motion to dismiss filed by the defendants.

An appropriate order will follow.

*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge

DATED:     April 15, 2014